IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| LATRESSA D. SMITH,<br><br>                    Plaintiff,<br>v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br>Administration,<br>                    Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING PETITION FOR 406(b) FEES**<br><br><br>Case No. 2:12-cv-707-BCW<br><br>Magistrate Judge Brooke Wells |

Before the Court is attorney Natalie Bolli-Jones's ("Plaintiff's Counsel") Petition for Authorization of attorney's fees pursuant to 42 U.S.C. § 406(b).[1] For the reasons stated more fully below, the Court GRANTS Plaintiff's Counsel's Motion.

## BACKGROUND

In July 2012, Plaintiff hired Plaintiff's Counsel on a contingency-fee basis to represent Plaintiff's claims against the Social Security Administration which previously denied her application for disability insurance benefits.  Through written agreement, Plaintiff and Plaintiff's Counsel agreed that the contingency fee would be 25 percent of the past-due benefits awarded as a result of Plaintiff's claims.[2]

On September 26, 2013, the Court reversed the decision of the Commissioner of the Social Security Benefits and remanded the case for further proceedings.[3]  After this Court's

---

[1] Docket no. 33.
[2] *Id*. at Exh. 2.
[3] Docket no. 27.

Order, Plaintiff sought attorney's fees under the Equal Access to Justice Act ("EAJA").[4]

Thereafter, the Court awarded Plaintiff $4,164.26 in attorney's fees.[5]

On July 23, 2015, the Social Security Administration awarded Plaintiff $70,746.00 in

past-due benefits for the period of November 2007 through April 2015.[6] On July 29, 2015,

Plaintiff's Counsel filed this Petition seeking the Court's authorization for attorney's fees for

federal court representation of Plaintiff pursuant to 42 U.S.C. § 406(b).[7] On August 10, 2015,

the Commissioner filed a response to Plaintiff's petition stating that it did not object to Plaintiff's

Counsel's request for § 406(b) fees. Although she was notified of Plaintiff's Counsel's request

for fees, Plaintiff has not responded to Plaintiff's Counsel's Petition.[8]

## DISCUSSION

Plaintiff's Counsel seeks the Court's authorization and award of attorney's fees in the

amount of $11,686.50. This amount represents 25 percent of the awarded past-due benefits less

$6,000.00 paid to Plaintiff's Counsel by Plaintiff for representation at the administrative level.

Plaintiff's Counsel's Petition states Plaintiff will be refunded $4,164.26 in EAJA fees previously

awarded by the Court.

42 U.S.C. § 406(b)(1)(A) provides that an attorney who successfully represents a Social

Security claimant may be awarded "a reasonable fee…not in excess of 25 percent of the past-due

benefits." In *Gisbrecht v. Barhart*,[9] the Supreme Court articulated what constitutes a reasonable

fee under § 406(b).[10] The Court stated that district courts who "are accustomed to making

reasonableness determinations in a wide variety of contexts," may reduce attorney's fees by

---

[4] Docket no. 29.
[5] Docket no. 32.
[6] Docket no. 33, Exh. 4.
[7] Docket no. 33.
[8] *Id*
[9] 535 U.S. 789, 122 S.Ct. 1817 (2002).
[10] *Id*. at 808.

examining the reasonableness of the contingency-fee agreement based on the character of the representation and the results achieved.[11]   The Court provided several examples of what would cast doubt on the reasonableness of the contingency-fee agreement and merit a reduced fee.  For example, "[i]f the attorney is responsible for delay…a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court."[12]  Additionally, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." [13]   The Court further suggested that district courts "may require the claimant's attorney to submit…a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases."[14]

Here, Plaintiff's Counsel's fee request does not exceed the 25 percent threshold. Nevertheless, pursuant to *Gisbrecht*, the Court will examine whether the fee request is reasonable.[15] First, upon review of the record in this case, there is no indication that Plaintiff's Counsel was responsible for undue delay in resolving Plaintiff's claims.  According to the contingency-fee agreement, Plaintiff retained Plaintiff's Counsel on July 10, 2012.[16]  Plaintiff filed her Complaint on July 25, 2012.[17]  During the course of the litigation, Defendant filed a motion for extension of time.[18]  On September 26, 2013, the Court reversed the ALJ's decision and remanded for additional proceedings.[19]  On July 23, 2015, the Social Security Administration informed Plaintiff that it would pay her past-due benefits for the period of

---

[11] *Id.*
[12] *Id.*
[13] *Id.*
[14] *Id.*
[15] *Id.* at 809.
[16] Docket no. 33, Exh. 2.
[17] Docket no. 3.
[18] Docket no. 20.
[19] Docket no. 27.

November 2007 through April 2015. [20]  Thus, nothing in the record indicates that Plaintiff's Counsel delayed pursuit of Plaintiff's claims to profit from the accumulation of past-due benefits.  Therefore, the Court finds no basis to reduce Plaintiff's Counsel's award on this basis.

Next, the Court may reduce the attorney's fees award if the amount is larger in comparison to the amount of time Plaintiff's Counsel spent on the case.  In this case, Plaintiff's Counsel represents that she spent 29.50 hours pursuing Plaintiff's claims before the Court.[21]  The petition indicates that Plaintiff's Counsel also spent additional time pursuing Plaintiff's claim before the Social Security Administration for which she has been compensated $6,000.00.[22]  As indicated above, Plaintiff's Counsel was awarded $4,164.26 in EAJA fees.  The Court authorizing additional compensation of $11,686.50 and requiring Plaintiff's Counsel to refund the Plaintiff the EAJA award would result in an hourly rate of approximately $255.00 per hour.  The Court finds this to be a reasonable amount for representation of Plaintiff in federal court.

Notably, Plaintiff's Counsel's petition is unopposed.  Neither the Commissioner of the Social Security Administration nor Plaintiff has objected to the award requested by Plaintiff's Counsel.  Second, the contingency-fee agreement signed by Plaintiff and Plaintiff's counsel states that Plaintiff agrees "that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my family and me in the event my case is won."[23]  In addition, the Social Security Administration contemplated this amount and withheld it in the event Plaintiff's Counsel filed a petition for § 406(b) fees in this Court.[24]  Therefore, the Court finds the amount requested to be reasonable.

---

[20] Docket no. 33, Exh. 4.
[21] *Id*. at Exh. 3.
[22] *Id*.
[23] *Id*. at Exh. 3.
[24] *Id*. at Exh. 4. ("We will still withhold the remainder, $11,686.50, in case your lawyer asks the Federal Court to approve a fee for work that was done before the Court.")

## CONCLUSION

For the foregoing reasons, the Court finds the requested fee to be reasonable under the contingency-fee agreement between Plaintiff and Plaintiff's Counsel. Therefore, the Court authorizes that Plaintiff's Counsel receive $11,686.50, which represents 25 percent of Plaintiff's past-due benefits ($70,746.00) less payments already made to Plaintiff's Counsel in the amount of $6,000.00.

In addition, because Plaintiff's Counsel is awarded fees under § 406(b) and the EAJA, Plaintiff's Counsel must refund the lesser of the two fees to Plaintiff, which are those fees awarded under the EAJA. Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Petition for 406(b) Fees[25] is GRANTED. Plaintiff's Counsel if awarded $11, 686.50. Payment is to be made to Plaintiff's Counsel at 1079 E. Riverside Dr., Suite 203, St. George, UT 84790.

IT IS HEREBY FURTHER ORDERED that Plaintiff's Counsel is to refund Plaintiff the previous EAJA Fee Amount of $4,164.26 upon payment of the § 406(b) award.

DATED this 18 August 2015.

Brooke C. Wells
United States Magistrate Judge

---

[25] Docket no. 33.